IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARLOS JULIO DIAZ<br>   *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA | Civil Action No. ELH-21-1547 |

**MEMORANDUM OPINION**

Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, plaintiff Carlos Julio Diaz filed suit against the United States in connection with an automobile accident that occurred in July 2018 at the Aberdeen Proving Ground ("APG") in Maryland. ECF 1 (the "Complaint"). At the time of the accident, plaintiff worked as a hazardous waste handler for the United States Department of the Army ("Army"). The other driver involved in the accident, Rayner Little, was also a civilian employee of the Army.

The government has moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) (ECF 30), supported by a memorandum of law. ECF 30-1 (collectively, the "Motion"). It argues, *inter alia*, that because the United States Department of Labor ("DOL") has determined that plaintiff's claim falls under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8193, this Court lacks subject matter jurisdiction. *Id*. at 15-16.

Plaintiff opposes the Motion (ECF 35), supported by a memorandum (ECF 35-1, the "Opposition"), and several exhibits. ECF 35-2 to ECF 35-8. He also seeks a stay of the proceedings, based on his request for further review by the DOL. ECF 35-1 at 1. The government has replied. ECF 36 (the "Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105(6). For the reasons that follow, I shall grant the Motion.

## I. Factual Background

The case arises out of a motor vehicle collision that occurred at an intersection at approximately 4:00 p.m. on July 17, 2018, within the APG, a military installation for the Army located in Harford County, Maryland. ECF 1, ¶ 6; ECF 35-1 at 2. Both of the drivers involved in the collision were, at the time, civilian employees of the Army and were "working that day on APG, which for each was their primary and only place of business." ECF 9-2 (Declaration of Thomas R. Adams, Jr., Claims Attorney at APG), ¶¶ 5, 10.

Shortly after the collision, the APG Department of Emergency Services reported to the scene and investigated the incident. *See* ECF 9-3 (Accident Report and Investigation). Both drivers were interviewed. ECF 9-2, ¶ 7. Based on an APG police report and sworn statements that followed the accident, including one from plaintiff (*see* ECF 9-3 at 15-17), there was no "indication that either driver suffered physical injury as a result of the accident." ECF 9-2, ¶ 9; *see also* ECF 9-3 at 11 (stating that neither driver was injured). However, Mr. Little was cited for failure to stop at a stop sign. ECF 9-3 at 11.

Plaintiff submitted an executed Standard Form 95 to APG's Claims Office on December 4, 2018. ECF 9-6 (the "Administrative Claim"). He sought $200,000 in damages as a result of the accident. *Id.* at 1; *see also* ECF 1, ¶ 5; ECF 9-2, ¶ 11. The Army sent a letter to plaintiff's attorney, acknowledging receipt of the Administrative Claim on December 6, 2018. ECF 9-7 (Letter to Nicholas Parr, Esquire). The Letter also provided information about the filing of the Administrative Claim under the FTCA. *Id.* at 1-2; *see also* ECF 9-2, ¶ 12. As discussed, *infra*, plaintiff's Administrative Claim was not granted or denied prior to the initiation of this case.

On July 23, 2020, pursuant to the FECA, plaintiff filed a claim with the DOL's Office of Worker's Compensation ("OWCP") in connection with the collision. ECF 9-8 (Notice of Decision

of September 1, 2020) at 1.  In his FECA claim, plaintiff indicated that he "sustained an injury or medical condition on 07/17/2018 as a result of [his] employment as a/an Hazardous Waste Handler with the Department of the Army at the Aberdeen Proving Ground, MD."  ECF 9-8 at 1.  Plaintiff submitted various supporting documents, including a "position description" and a "personal sworn statement."  *Id*.

The DOL sent plaintiff a "development letter" on July 29, 2020, which "advised him "of the deficiencies in [his] claim and provided [plaintiff] the opportunity submit additional evidence." *Id*.  Specifically, plaintiff was asked to submit "a diagnosis of any condition resulting from [his] injury"; "[e]vidence to support that [he was] injured while performing any duty of [his] employment"; and "[a] physician's opinion as to how [his] injury resulted in the condition diagnosed."  *Id*.  Plaintiff responded with a collection of documents related to the accident and the damages he purportedly sustained, additional information concerning the nature and scope of his employment, another sworn statement, and a response to a questionnaire.  *Id*. at 1-2.

Despite these submissions, the Notice of Decision of September 1, 2020, informed plaintiff that his FECA claim was denied.  ECF 9-8 at 2.  Although the evidence established that the accident occurred, the claim for compensation was denied because plaintiff did not establish "Fact of Injury."  *Id.* at 2, 3.  In particular, he "did not submit any medical evidence containing a medical diagnosis in connection with the injury and/or event(s)."  *Id*. at 2.  The Decision further explained that plaintiff "did not submit any medical treatment reports from a physician showing [he] sought treatment right away for any injuries sustained on 7/17/18."  *Id*.

A hearing representative reviewed the record of the FECA claim and, in a written decision dated February 23, 2021, affirmed the Decision of September 1, 2020.  ECF 17-5 (Hearing Representative Decision).  On March 5, 2021, plaintiff filed a request for reconsideration of the

Hearing Representative Decision. *See* ECF 17-6 (Notice of Decision of February 1, 2022) at 2. That decision is discussed, *infra.*

On June 23, 2021, while the Administrative Claim and the request for reconsideration of the FECA claim were still pending, plaintiff initiated the present action. ECF 1. He alleges that, "[a]s a direct result of the negligence of Little, the Plaintiff was caused to sustain serious and permanent injuries, has suffered and will continue to suffer great pain of body and mind; and has sustained permanent disability, deformity, loss of earning and earnings capacities" for which, together with other damages, he seeks $200,000,00. *Id.* ¶ 12. The Complaint expressly refers to plaintiff's filing of his Administrative Claim. *Id.* ¶ 5. However, no mention is made of his FECA claim, the supplemental filings, or the findings set forth in the Notice of Decision of September 1, 2020.

Then, on July 28, 2021, the Army denied plaintiff's Administrative Claim. ECF 17-3. In a letter to plaintiff's counsel, the Army said, in part: "This notice constitutes final administrative action on the claim of your client . . . . Your client's claim is denied. As your client has already filed suit regarding his incident in the United States District Court . . . all claims related to the event that serve as the basis of this suit are no longer amenable to administrative resolution." *Id.* at 1.

The government moved to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1), contending that the FECA bars judicial review of plaintiff's claim. ECF 9. By Orders of November 10, 2021 (ECF 12), January 14, 2022 (ECF 14), and April 8, 2022 (ECF 16), the Court granted consent motions for extension (ECF 11; ECF 13; ECF 15), by which plaintiff's time to respond to the motion to dismiss was extended until a result had been reached in regard to reconsideration of the FECA claim.

Plaintiff filed his response in opposition to the motion to dismiss on May 9, 2022. ECF 17. He advised the Court that the DOL had ruled on his request for reconsideration of the Hearing Representative Decision and, in the DOL's Decision of February 1, 2022, the DOL denied his claim. ECF 17-1 at 10. Accordingly, plaintiff argued in his opposition to the initial motion to dismiss that FECA was no longer a jurisdictional barrier to his FTCA claim. *Id*. at 17.

I pause to review the DOL's Notice of Decision of February 1, 2022. ECF 17-6. There, the DOL denied plaintiff's FECA claim, but it did so on different grounds than had been set forth in the Decision of September 1, 2020 (ECF 9-8).

In particular, the DOL found that there was medical evidence of injury related to the accident. *Id.* at 2. However, the DOL concluded that the "evidence is insufficient to establish that [plaintiff was] injured *while in the Performance of Duty*." *Id.* (emphasis added). Further, the Notice of Decision of February 1, 2022, stated: "The evidence is clear that you had completed your work shift, were no longer performing any assigned duties and were driving home in your personally owned vehicle, thus not engaged in an activity reasonably Incident [sic] to your employment." Moreover, the DOL determined that the evidence did not support an exception to the general proposition that FECA does not apply when an employee is "injured while en route between work and home." *Id.*

On June 2, 2022, prior to the filing of a reply by the government, the DOL vacated, *sua sponte*, the rejection of plaintiff's FECA claim and then granted his claim. ECF 22-1 (Notice of Decision of June 2, 2022). The DOL stated, in part, *id*. at 3:

> In reviewing the decision of 02/01/2022, we conclude that the author used the incorrect basis for determining that [plaintiff was] not in the performance of duty. The author focused on our procedures regarding commuting to and from work. Instead, the author should have focused on our procedures regarding injuries that occur on the employer's premises.

5

The Decision concluded, ECF 22-1 at 4:

> In [plaintiff's] case, the evidence establishes that the accident occurred on the Aberdeen Proving Grounds, which is [plaintiff's] employing agency's premises.  In addition, the evidence establishes that your injury occurred 15 minutes after your shift ended.  There is no evidence that establishes that you deviated by engaging in personal activities, unrelated to your employment.  The 15-minute period is a short time period and falls within the scope of a reasonable interval before going to and leaving from work.  Therefore, it is determined that [plaintiff was] in the performance of duty at the time of the accident on 07/17/2018.

Thus, plaintiff's FECA claim was "accepted for cervical sprain, thoracic sprain (resolved), lumbar sprain and left knee sprain." *Id*.  Nevertheless, plaintiff elected to file another appeal with the OWCP "because he disagrees with DOL's conclusion that he was within the performance of duty at the time of the July 17, 2018 auto-accident, the subject event of this FTCA action."  ECF 24 (Joint Status Report of July 27, 2022) at 2.

In an Order of July 27, 2022 (ECF 25), I concluded that, as a result of these developments, "the existing briefing does not adequately address the present posture of the case."  *Id*. at 2.  Accordingly, the Court denied the government's motion to dismiss (ECF 9), without prejudice, and permitted the government "to file a revised motion predicated on the current posture of the case."  ECF 25 at 2.

The government subsequently filed a "Renewed Motion to Dismiss."  ECF 30.  In particular, it argues that "FECA's exclusivity provisions apply because [DOL] affirmatively exercised jurisdiction over Plaintiff's claim, and as a result this Court is deprived of subject matter jurisdiction."  ECF 30-1 at 15.

In his Opposition, plaintiff states that there has been "an important factual development since the Defendant filed its motion on November 1, 2022, and, because of that development, the Defendant's motion should be denied, and this case should be stayed."  ECF 35 at 2.  Specifically, plaintiff informed the Court that "[o]n December 21, 2022, [he] filed a Request for Further

6

Administrative Review with the Department of Labor . . . based [on] his sworn statement that while leaving work, prior to his accident, he deviated from his employment by stopping at the gym to workout (for personal reasons – Not required by his employer for substantial employer benefit nor to maintain his position).  Thereby, squelching any work duty relationship and deviating to his own personal endeavors." ECF 35-1 at 11-12; *see* ECF 35-7 ("Request for Further Administrative Review").

Additional facts are discussed, *infra*.

## II. Legal Standard

Federal district courts are courts of limited jurisdiction; they possess "'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 586 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see Home Depot U.S.A., Inc. v. Jackson*, ___U.S.____, 139 S. Ct. 1743, 1746 (2019); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) challenges the Court's limited subject matter jurisdiction. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).  Simply put, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (citation omitted).  "Because jurisdictional limits define the very foundation of judicial authority, subject matter jurisdiction must, when questioned, be decided before any other matter." *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012).

The Fourth Circuit has reiterated that the defense of sovereign immunity is a jurisdictional bar, explaining that "'sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.'" *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (citation omitted), *cert. denied*, ___U.S.___, 139 S. Ct. 417 (2018); *see also Cunningham v. Lester*, 990 F.3d 361, 365 (4th Cir. 2021) (recognizing sovereign immunity as a jurisdictional limitation and describing it as "a weighty principle, foundational to our constitutional system").

Under Rule 12(b)(1), a plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019); *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014); *The Piney Run Preservation Ass'n v. Cty. Comm'rs of Carroll Cty.*, 523 F.3d 453, 459 (4th Cir. 2008); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). However, a court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *B.F. Perkins*, 166 F.3d at 647 (citation omitted).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge or a factual challenge. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *accord Hutton v. Nat'l Bd. of Exam'rs Inc.*, 892 F.3d 613, 620-21 (4th Cir. 2018). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585

F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor and City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014).

In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction," *Kerns*, 585 F.3d at 192, "[u]nless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute.'" *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009), *cert. denied*, 558 U.S. 875 (2009). In a factual challenge, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In particular, "the district court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits." *Vuyyuru*, 555 F.3d at 348. When appropriate, the court may also "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *see also Schneider v. Donaldson Funeral Home, P.A.*, 733 F. App'x 641, 644 (4th Cir. 2018); *Kerns*, 585 F.3d at 192.

In this case, the challenge is a factual one, as the dispute between the parties is premised on facts outside the Complaint. Therefore, I may consider the relevant exhibits in resolving the parties' dispute.

### III. Discussion

The central issue is whether this Court has subject matter jurisdiction to resolve this FTCA action. The answer depends on whether the FECA, a distinct federal compensation scheme,

provides the exclusive remedy for plaintiff's claim. Accordingly, a review of both statutes is warranted.

The United States and its agencies may not be sued in tort except as permitted by the FTCA. *See* 28 U.S.C. § 2679(b)(1). The FTCA, 28 U.S.C. § 2671 *et seq.*, enacted in 1946, provides a limited statutory waiver of sovereign immunity for the negligent or wrongful acts or omissions of federal employees acting in the scope of their employment. *See* 28 U.S.C. §§ 2671-2680; *see also Salazar v. Ballesteros*, 17 F. Appx. 129, 130 (4th Cir. 2001) (explaining that the FTCA "immunizes federal employees who are sued for actions within the scope of [their] office or employment" and upon substitution of the United States as defendant, "allows the United States to be sued for certain torts committed by its employees").

The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 568 U.S. 503, 506 (2013) (citations omitted). However, "[t]he FTCA is only a limited waiver of the United States' sovereign immunity," enacted to provide an avenue of relief for limited types of claims and under limited circumstances. *United States v. Orleans*, 425 U.S. 807, 813 (1976).

Section 1346(b)(1) of 28 U.S.C. is also relevant. It grants original jurisdiction to the district courts for civil actions against the United States for money damages for the torts of its officers and employees while acting within the scope of their employment. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484-85 (2006).

FECA is an exception to FTCA liability. It "carves out certain suits by federal employees from the FTCA's sovereign-immunity waiver" by "provid[ing] such employees with an administrative process for seeking compensation for work-related injuries." *Jones v. United States*, 318 F. Supp. 3d 15, 19 (D.D.C. 2018).

FECA was enacted by Congress in 1916. It establishes a comprehensive and exclusive system of disability compensation by which federal employees or their survivors may receive a wide range of benefits for injuries or deaths "sustained while in the performance of [one's] duty." 5 U.S.C. § 8102(a); *see Ricks v. Nat'l Institutes of Health*, TDC-15-2822, 2016 WL 1752753, at *1 (D. Md. Apr. 29, 2016) ("FECA commits the United States to compensate any employee who suffers disability or death 'resulting from personal injury sustained while in the performance of his duty.'") (quoting 5 U.S.C. § 8102).

In general, FECA is akin to other workers' compensation statues, and "is intended to serve as a substitute rather than a supplement for the tort suit." *Proctor v. United States*, WEB-11-27, 2011 WL 3626688, at *3 (E.D.N.C. Aug. 17, 2011) (citing *United States v. Demko*, 385 U.S. 149, 151 (1966)). As a substitute for tort liability, Congress intended that FECA remedies be exclusive to all other forms of recovery.

> Of import here, 5 U.S.C. § 8116(c) provides:
>
> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.
>
> Section 8128(b) of 5 U.S.C. is also pertinent. It states:
>
> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> > (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> >
> > (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

In enacting FECA's exclusive-liability provision, the Supreme Court has explained: "Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983).  Stated simply, injuries that are compensable under FECA are ineligible for compensation under other federal remedial statutes, including the FTCA. *Wallace v. United States*, 669 F.2d 947, 951 (4th Cir. 1982); *see also Lockheed*, 460 U.S. at 193–94 (the exclusivity provisions of § 8116(c) serve to "protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity").

Central to FECA's statutory scheme is the Secretary of the DOL (the "Secretary"), who is tasked with administering and deciding all questions arising under FECA (*see* 5 U.S.C. § 8145), and with proscribing the rules and regulations necessary for its administration and enforcement. *See* 5 U.S.C. § 8149.  The Secretary has elected to delegate that authority to the Director of OWCP, which, among other things, means that OWCP is empowered to review claims, determine whether a claimant's injury is covered by FECA, and ultimately decide whether a claimant is entitled to benefits.  *See* 5 U.S.C. §§ 8102, 8103, 8124, 8128(a), 8145, 8149; *see also* 20 C.F.R. § 10.1; *Ricks*, 2016 WL 1752753, at *2.

To obtain benefits under FECA, a claim must first be submitted to the Secretary.  *See* 5 U.S.C. § 8121; *see also* 20 C.F.R. § 10.100(a) ("To claim benefits under the FECA, an employee who sustains a work-related traumatic injury must give notice of the injury in writing on Form

12

CA–1, which may be obtained from the employer or from the Internet at www.dol.gov under forms.").[1]

Form CA–1 requests pertinent information relating to a claimant's federal employment status and the circumstances of the injury, such as when and where it occurred, how it was caused, and the extent of the injury. *See* ECF 9-9, ¶¶ 1-14. Near the end of the Form is an "Employee Signature" section. ECF 9-9, ¶ 15. By signing and dating this section, a claimant is expressly stating: "I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication." *Id.*

After being presented with a claim, the DOL must make findings of fact and decide whether the claimant is eligible for compensation under FECA. *See* 5 U.S.C. §§ 8102(a), 8124, 8146. A claimant may challenge a DOL benefits determination by requesting "reconsideration by the district office; a hearing before an OWCP hearing representative; and appeal to the Employees' Compensation Appeals Board." 20 C.F.R. § 10.600.

Of relevance here, Congress made clear that the DOL's determination of "allowing or denying a payment" is both "final and conclusive for all purposes and with respect to all questions of law and fact[,]" and "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). Indeed, the Supreme Court has characterized FECA—specifically, § 8128(b)— as "an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (citing *Lindahl v. OPM*, 470 U.S. 768, 780, n. 13 (1985); 5

---

[1] A copy of the form has been provided by the government. *See* ECF 9-9 ("Form CA-1"); *see also* https://www.dol.gov/agencies/owcp/FECA/regs/compliance/forms.

U.S.C. § 8128(b)).  As a result, federal courts are left with "no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Gizoni*, 502 U.S. at 90; *see also Wallace*, 669 F.2d at 951 ("To insure uniformity, the Secretary of Labor's decisions on questions under FECA are not subject to judicial review by mandamus or otherwise."); *Shahin v. United States*, PX-20-3242, 2021 WL 2949786, at *4 (D. Md. July 14, 2021) ("Where FECA applies, and a claim is reviewed by the OWCP, a federal court is divested of jurisdiction over such claim."); *Barnett v. U.S. Atty. Gen.*, JSK-12-144, 2013 WL 1187147, at *4 (N.D. W. Va. Jan. 22, 2013) ("[FECA's] language is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his [or her] officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction.").

Because of the exclusive remedy rule, federal civilian employees may not file actions against the United States under the FTCA for work-related injuries.  *See, e.g.*, *Votteler v. United States*, 904 F.2d 128, 129-30 (2nd Cir.), *cert. denied*, 498 U.S. 1000 (1990); *Sasse v. United States*, 201 F.2d 871 (7th Cir. 1953); *Davis v. United States*, 973 F. Supp. 2d 23, 28 (D.D.C. 2014); *Metz v. United States*, 723 F. Supp. 1133, 1137 (D. Md. 1989).  "Indeed, if a claim is covered under FECA, then the federal courts have no subject matter jurisdiction to entertain the action, since the United States has not otherwise waived its sovereign immunity to suit." *Heilman v. United States*, 731 F.2d 1104, 1109 (3rd Cir. 1984); *see also Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

Regardless of whether benefits are denied—either in whole or in part—§ 8128(b)'s bar to judicial review applies where the DOL exercises jurisdiction over a claim, but nonetheless determines that the injury is not compensable under the FECA.  *See, e.g.*, *Shahin*, 2021 WL 2949786, at *6 (dismissing an FTCA claim for lack of subject matter jurisdiction, explaining that,

14

"as a matter of law, [a plaintiff] cannot now pursue the same work-related claims before this Court" if the DOL previously considered but rejected a claim for such benefits). Moreover, § 8128(b)'s bar to judicial review is not limited to those damages sought in the FECA claim; it applies to claims arising out of the same incident, even if the damages sought are not identical. *See Metz*, 723 F. Supp. at 1137 ("Even if a particular type of damage or consequence is not compensable under FECA, an employee injured in the course of his employment may not sue the United States for damages under FTCA once it is determined that the injury falls within that defined to be covered by FECA."); *Sullivan v. United States*, CKK-5-1418, 2006 WL 8451987, at *2 (D.D.C. June 22, 2006) ("As such, if FECA applies to a particular claim for injuries, a tort action brought against the United States arising out of the same injuries is preempted, and a federal court may not hear the case for lack of jurisdiction.") (citing *Gizoni*, 502 U.S. at 90).

Thus, determining whether FECA applies to a particular claim is a responsibility that lies exclusively with the Secretary. *See Grant v. United States*, N-94-2770, 1995 WL 499458, at *2 (D. Md. Aug. 14, 1995) (recognizing that "the final say as to the scope of FECA lies with the Secretary of Labor, not the courts") (cleaned up); *see also Hanauer v. Reich*, 82 F.3d 1304, (4th Cir. 1996); *Collini v. Williamson*, ELH-21-439, 2021 WL 4133712, at *2 (D. Md. Sept. 10, 2021); *Ricks*, 2016 WL 1752753, at *3.

FECA's provisions establishing the exclusive remedy rule and barring juridical review clearly apply here. 5 U.S.C. §§ 8116(c) & 8128(a). In the Notice of Decision of June 2, 2022 (ECF 22-1), the DOL formally granted plaintiff's FECA claim. *Id*. at 4. Moreover, it did so with the express finding that plaintiff was acting within the scope of the performance of his duties when the accident occurred, notwithstanding plaintiff's claim to the contrary. *Id*.

In that decision, the DOL provided a thorough legal and factual analysis of plaintiff's claim. Specifically, it said: "An employee, who has a fixed place of employment, and is injured on the premises of the employer, has the protection of the FECA[.]" *Id*. at 3. This includes circumstances in which the injury "occurred while the employee was on the premises within a reasonable time before or after the end of the normal work shift." *Id*.

Applying these principles to plaintiff's case, the DOL stated that "the evidence establishes that the accident occurred on the Aberdeen Proving Grounds, which is [plaintiff's] employing agency's premises[,]" and "that [plaintiff's] injury occurred 15 minutes after [his] shift ended." *Id*. at 4. Furthermore, the DOL found that there was "no evidence that establishes that [plaintiff] deviated by engaging in personal activities, unrelated to [his] employment." *Id*. And, because the "15-minute period is a short time period and falls within the scope of a reasonable interval before going to and leaving from work[,]" the DOL "determined that [plaintiff was] in the performance of duty at the time of the accident on 07/17/2018." *Id*.

The allowance or denial of a compensation claim is "final and conclusive for all purposes and with respect to questions of law and fact" and is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(1), (2). Accordingly, as a result of this decision, this Court is stripped of its jurisdiction. *See Metz*, 723 F. Supp. 1133 at 1137 (dismissing an FTCA action for lack of subject matter jurisdiction, and explaining that "[o]nce an injury is found to fall within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court.").

Plaintiff argues that, because he is currently seeking his second appeal concerning his FECA claim (*see* ECF 35-7), this Court should stay the case until the DOL adjudicates his appeal. *See* ECF 35-1 at 15-16. But, to do so would open the door to a category of cases in which plaintiffs

16

could stave off dismissal indefinitely. Notably, there is no limitation to the number of administrative appeals a claimant could seek in regard to a FECA claim. *See* 5 U.S.C. § 8124(b)(1) ("[A] claimant for compensation not satisfied with a decision . . . is entitled, on request made within 30 days after the date of the issuance of the decision, to a hearing on his claim before a representative of the Secretary."). Thus, as a practical matter, staying a case simply because a claimant continues to seek administrative review, perhaps in hopes of keeping an FTCA claim alive, would indefinitely delay resolution. Such a position directly conflicts with the "final and conclusive" language Congress used to describe a determination made by the DOL. 5 U.S.C. § 8128(b)(1)-(2).

Accordingly, the Court simply cannot issue a stay in order to accommodate plaintiff's desire to appeal DOL's decision in the hope that he might receive a decision that he likes. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Burk v. Food & Drug Admin.*, RDB-19-73, 2019 WL 2010195, at *2 (D. Md. May 6, 2019) (relying on Rule 12(h)(3), this Court denied plaintiff's request for a stay and granted the defendant's motion to dismiss, explaining that "no longer [having] subject-matter jurisdiction over this matter, obviate[es] any need for [the purpose of the requested stay]"); *Rogers v. Dobbs*, RBH-20-66, 2021 WL 267826, at *4, n. 5 (D.S.C. Jan. 27, 2021) (holding that "a stay is improper given the lack of subject matter jurisdiction over Petitioner's [habeas] petition") (citing *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); Fed. R. Civ. P. 12(h)(3)); *Gill v. United States*, MLW-5-10309, 2009 WL 3152892, at *4, n.1 (D. Mass. Sept. 25, 2009) ("As the court has determined that it lacks subject matter jurisdiction, the court must dismiss this case rather than stay the proceeding pending the Secretary of Labor's determination of FECA coverage.") (citing Fed. R. Civ. P. 12(h)(3)).

There are no other provisions in law that would allow this Court to retain jurisdiction over the suit. Indeed, the cases on which plaintiff relies are inapposite because, in every instance, the DOL had yet to make a determination on a FECA claim. *See White v. United States*, 143 F.3d 232, 239 (5th Cir. 1998); *Concordia v. United States Postal Service*, 581 F.2d 439, 444 (5th Cir. 1978); *Reep v. United States*, 557 F.2d 204, 207 (9th Cir. 1977); *Joyce v. United States*, 474 F.2d 215, 219 (3rd Cir. 1973); *Somma v. United States*, 283 F.2d 149, 152 (3rd Cir. 1960). That is plainly not the situation in this case.

The DOL has entered its final decision and its finding of coverage could not be clearer. And, because federal courts have no legal authority to review such decisions, this Court must dismiss the case. *See Gizoni*, 502 U.S. at 90 ("FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage."); *Grant*, 1995 WL 499458, at *2 ("the final say as to the scope of FECA lies with the Secretary of Labor, not the courts") (cleaned up); *DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir. 1982) ("The Secretary of Labor's decisions regarding coverage are absolutely immune from judicial review, 5 U.S.C. § 8128(b), whether or not a particular determination is grounded in logic or precedent.").

Furthermore, the Court notes that plaintiff's claim that "he deviated from his employment by stopping at the gym to workout" (ECF 35-7 at 1) does not appear anywhere in the numerous reports and investigations detailing the accident for which he was interviewed. *See* ECF 9-2 to ECF 9-10. In fact, in plaintiff's FECA claim, which included a personal sworn statement by plaintiff, he expressly averred that he was acting within the scope of employment when the accident occurred. ECF 9-8 at 1. Regardless, as the principles stated above establish, the determination as to whether plaintiff's claim is covered under FECA is for the DOL to make.

In the event that DOL reverses its decision, the statute of limitations will not have expired. *See* 28 C.F.R. § 14.9 (providing that a claimant may file a request for reconsideration of the administrative claim within six months after the denial and, if such a request is timely filed, it stops the running of the six-month period for filing a lawsuit). However, in light of DOL's Notice of Decision of June 2, 2022, and the findings and explanations therein, the FECA-preclusion doctrine applies, thus eliminating plaintiff's ability to recover under the FTCA in connection with his suit. 5 U.S.C. § 8116(c) ("The liability of the United States" under FECA "is exclusive and instead of all other liability of the United States."); *see also Lockheed*, 460 U.S. at 193-94.

Accordingly, the Court lacks subject matter jurisdiction. It follows that the Court is legally obligated to dismiss the Complaint.

### IV. Conclusion

For the foregoing reasons, I shall grant the Motion.

An Order follows, consistent with this Memorandum Opinion.

Date: July 26, 2023        /s/
                           Ellen L. Hollander
                           United States District Judge